| WALTZER, Judge.
In this succession proceeding, the decedent’s wife and the succession representative appeal the trial court’s judgment in favor of the decedent’s daughters. Burger King paid the succession $145,000.00 to cancel a lease over which the surviving spouse enjoyed a lifetime usufruct by the terms of the decedent’s will. The trial court awarded the succession’s half of the cancellation payment, $72,500.00, to the naked owners, the daughters. This dispute involves the usufructuary and the naked owners.
FACTS AND PROCEDURAL HISTORY[1]
On 9 July 1998, the succession representative filed a Petition of Homologation of First Tableau of Distribution, seeking to disburse certain monies to the decedent’s surviving spouse, Patricia Becker. The decedent’s estate included an interest in a lease of property from the owner, which Judge Becker and his partner then subleased to Burger King. The succession representative included within this proposed distribution to Patricia Becker a sum paid *926 by Burger King to |gcancel its sublease. The decedent’s will granted the surviving spouse a lifetime usufruct over both this lease and another lease burdening the real property.[2] The naked owners, Pamela Becker-Koch and Diane Becker, opposed the distribution of the succession’s portion of the cancellation payment, $72,500.00, to the usufructuary.
Burger King, the succession representative and the co-lessor agreed to terminate the lease.[3] In this cancellation agreement, Burger King agreed to pay $145,000.00 to the lessors.
After a hearing on 28 July 1998, the trial court approved the second accounting and First Tableau of Distribution and ordered the succession representative to pay the daughters, the naked owners, $72,500.00 (the succession’s half of the fee paid by Burger King to cancel the lease). The trial court determined that “when you sell the nonconsumable, what you have done when you have canceled the lease, you have terminated the use of the naked owner and you owe them restitution.” Furthermore, after hearing on 5 August 1998, the trial court denied the usufructuary’s request for a new trial.
The usufructuary and the succession representative appeal the award of $72,-5000.00 to the naked owners. They argue that the fee paid by Burger King constituted fruits of the lease, property subject to a testamentary usufruct, and thus such rental payments belong to the usufructuary. The decedent’s daughters, the naked owners, answered the appeal, to request damages for frivolous appeal.
I «ASSIGNMENT OF ERROR: The trial court erred by finding that the fee, paid by Burger King to cancel its lease, did not constitute rentals, owed to the usu-fructuary, and by awarding the sum to the naked owners.
The trial court concluded that the termination agreement constituted a sale of the naked owner’s property by the usu-fructuary without the naked owner’s authority. The naked owners argue that the usufructuary abused her enjoyment by “alienating] things without authority,” causing the usufruct to terminate. LSA-C.C. art. 623. Moreover, appellees argue that the usufructuary “dispose[d]” of the nonconsumable [LSA-C.C. art. 568] or failed to use the property “as a prudent administrator” [LSA-C.C. art. 539] by not preserving its substance.
LSA-C.C. art. 2439 provides that a “[s]ale is a contract whereby a person transfers ownership of a thing to another for a price in money.” (Emphasis added.) The parties to the Burger King lease agreed to cancel the lease in exchange for a sum of money. The lessor, Burger King, agreed to pay $145,000 to the lessees on 31 October 1997 in consideration of the agreement to cancel its lease. We find, as a matter of law, that the trial court erred by finding that a lease cancellation agreement constitutes a “sale.”
Furthermore, the naked owners argue that the usufructuary did not preserve the substance of the nonconsumable in violation of LSA-C.C. art. 539. In a prior decision in this matter, this court held that “Mrs. Becker, as usufructuary, is entitled to the rentals received from the Burger King lease.” Succession of Becker, 704 So.2d at 831. This court reasoned that “Judge Becker’s granting the usufruct of |4his interest in the leasehold estate and sublease does not diminish the substance of the property. For this reason, we find the trial judge erred in classifying the Burger King leasehold interest as a consumable.” Id. However, this prior decision classifying the property subject to the usufruct as a nonconsumable does not necessitate a conclusion that the usufructu- *927 ary violated her duties owed to the naked owners with the cancellation of the Burger King lease. The property subject to the usufruct, the leasehold estate, remains intact with any underlying sublease. We find no evidence in the record to support a conclusion that the usufructuary abused her enjoyment of the property or otherwise failed to administer the property prudently. For this reason, we must determine to whom the succession owes the cancellation payment.
The Civil Code defines fruits. “Fruits are things that are produced by or derived from another thing without diminution of its substance.” LSA-C.C. art. 551. Moreover, LSA-C.C. art. 551 provides that “[tjhere are two kinds of fruits, natural fruits and civil fruits” and defines civil fruits as “revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest, and certain corporate distributions.” (Emphasis added.) Clearly, the $145,000.00, paid in consideration for the agreement to terminate the Burger King lease constituted an accelerated payment of rents due under the Burger King lease. As a matter of law, because Burger King paid this sum to fulfill its obligation to pay rent under the canceled lease, we find that the sum constituted “rentals” or civil fruits.
| ¡/The decedent granted his widow a lifetime usufruct over his lease of the real property, including the Burger King lease. Succession of Becker, 704 So.2d. at 826. The usufructuary acquires the ownership of civil fruits accruing during the existence of the usufruct. Civil fruits accrue day by day and the usufructuary is entitled to them regardless of when they are received. LSA-C.C. art. 556. We reverse the trial court’s finding that the cancellation agreement was a sale of the Burger King lease. We find that the cancellation payment constituted rentals, or civil fruits, due under the canceled lease. “We find that Mrs. Becker, as usufructuary, is entitled to the rentals received from the Burger King lease.” Succession of Becker, 704 So.2d at 881. We find that the usufructuary is entitled to the succession’s portion of the lease cancellation payment, and we reverse the trial court’s award of these proceeds to the naked owners.
ANSWER TO APPEAL: The naked owners ask this court to award them damages for frivolous appeal.
Having reversed the judgment, we consider appellees’ answer to the appeal. Ap-pellees seek damages for frivolous appeal. Although authorized by LSA-C.C.P. art. 2164, damages for frivolous appeal will only be awarded when the appellant’s purpose for filing the appeal is to delay the action or if the appealing counsel does not seriously believe the law he or she advocates, because appeals are favored. Neff v. City Planning Commission, 95-2324 (La.App. 4 Cir. 9/11/96); 681 So.2d 6, 9, writ denied 96-2465 (La.12/6/96, 684 So.2d 934), citing Hampton v. Greenfield, 618 So.2d 859, |fi 862 (La.1993). Appellees neither argue nor prove facts sufficient to allow the award of damages for frivolous appeal. We deny appellees’ request for damages.
CONCLUSION
For the above reasons, we reverse the decision of the trial court that the lease cancellation payment did not constitute fruits of the property subject to the usu-fruct, the canceled lease. Moreover, we reverse the award to the naked owners of the estate’s portion of the lease cancellation payment, $72,500.00, and order payment of this amount to the usufructuary. Furthermore, we deny the appellees’ demand for damages for frivolous appeal.
REVERSED.

. Two prior opinions of this court included complete descriptions of the facts of this matter. Succession of Becker, 94-1491 (La.App. 4 Cir. 6/1/95); 660 So.2d 61, 62, writ denied 95-2411 (La.12/15/95); 664 So.2d 455, and Succession of Becker, 96-2169 (La.App. 4 Cir. 12/3/97); 704 So.2d 825, 826-27, writ denied 98-0682 (La.5/8/98); 718So.2d432.

. The decedent and a partner leased certain real estate from the property owner for a term, constructed a building, and subleased the property to Burger King.

. The usufructuary was not a party to the cancellation agreement.